## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 15-61-04 |
| | : | |
| BRANDON MCKELVEY | : | |

## MEMORANDUM

PRATTER, J.                                                                 APRIL *27*, 2023

Brandon McKelvey is currently serving a 219-month sentence after a federal jury found him guilty of Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, using and carrying a firearm during and in relation to a crime of violence, and possession of a controlled substance. Mr. McKelvey filed a "Motion for Writ to Detainers," arguing that he is serving concurrent state and federal sentences and therefore should be transferred state custody. The Government opposes Mr. McKelvey's motion, averring that the Court lacks authority to grant Mr. McKelvey's motion. The Court will deny Mr. McKelvey's motion for the reasons discussed below.

### BACKGROUND

Mr. McKelvey participated in an armed robbery of the Blue Grass Pharmacy in Philadelphia on June 5, 2014. He was charged by federal complaint and arrested by federal agents. Mr. McKelvey and four co-defendants were charged by federal indictment with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of Hobbs Act robbery, and aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; one count of using and carrying, and aiding and abetting the use and carrying of, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2; and one count of possession of controlled substances with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

Mr. McKelvey and one co-defendant proceeded to trial. In January 2017, the Court declared a mistrial because the jury could not reach a unanimous verdict. An April 2017 trial similarly resulted in a hung jury and the declaration of a mistrial. At a third trial held in July 2017, the jury found Mr. McKelvey and his co-defendant guilty on all counts.

At about the same time of his federal case, Mr. McKelvey was separately charged by the Philadelphia District Attorney's Office in one case with murder, conspiracy, robbery, kidnapping for ransom, carrying a firearm without a license, carrying a firearm in public, and possessing an instrument of crime. Shortly thereafter, Mr. McKelvey was charged by the Philadelphia District Attorney's Office in a second case with attempted murder, aggravated assault, robbery, and kidnapping for ransom. Mr. McKelvey was found guilty of all charges in both state cases, and as a result, on November 16, 2017, he was sentenced to life imprisonment without the possibility of parole as to the charges in his first state case, and a term of imprisonment of 10 to 20 years as to the charges in his second state case.

On December 13, 2017, the Court sentenced Mr. McKelvey to 135 months' imprisonment on Counts One, Two, and Four of his federal case, to run concurrently with each other, and a consecutive 84 months' imprisonment on Count Three, to produce a total federal term of imprisonment of 219 months. In recognition of Mr. McKelvey's state court proceedings, this Court stated that the 135-month term on Counts One, Two, and Four "may be concurrent to the state assuming the state sentencing judge has no objection to that." Dec. 13, 2017 Tr. at 57:15–18. The Third Circuit Court of Appeals affirmed the Court's judgment on May 8, 2020.

At the time he filed the present motion, Mr. McKelvey was housed in a special management unit at U.S. Penitentiary Thomson, a high-security penitentiary in Thomson, Illinois. It appears that Mr. McKelvey has since been moved to U.S.P. Hazelton, another high security penitentiary

located in Bruceton Mills, West Virginia. According to the Bureau of Prisons' online inmate locator, Mr. McKelvey's projected release date is May 17, 2032. He therefore has approximately nine years remaining to serve on his federal sentence.

DISCUSSION

Mr. McKelvey's motion is, succinctly, a request for transfer from federal custody to state custody. But Mr. McKelvey misunderstands two threshold issues that preclude the Court from granting his motion, even if the Court were so inclined.

**I.   Mr. McKelvey's Federal Sentence Is Not Running Concurrent to His State Sentence**

Mr. McKelvey was sentenced within a "system of dual sovereignty, [in which] each sovereign—whether the Federal Government or a State—is responsible for 'the administration of [its own] criminal justice syste[m].'" *Setser v. United States*, 566 U.S. 231, 241 (2012) (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009)). Where state *and* federal authorities are prosecuting one defendant, the place and manner of that defendant's sentence of incarceration are dictated by the primary custody doctrine. *Taccetta v. Fed. Bureau of Prisons*, 606 F. App'x 661, 663 (3d Cir. 2015). "The basic principle is that the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." *Id.* The doctrine evolved "to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws." *Yamadin v. Zuniga*, No. 17-cv-66, 2017 WL 4838830, at *1 (W.D. Pa. Sept. 28, 2017), *report and recommendation adopted*, 2017 WL 4792221 (W.D. Pa. Oct. 24, 2017). A sovereign can relinquish primary jurisdiction "by granting bail, dismissing charges, and paroling the defendant" or "at the end of a sentence." *George v. Longley*, 463 F. App'x 136, 138 n.4 (3d Cir. 2012).

Here, primary jurisdiction lay with the federal government. Mr. McKelvey was charged by federal complaint on January 26, 2015. Federal agents then arrested him on January 28, 2015. The date of the complaints for Mr. McKelvey's state cases was January 29, 2016, and his arrest date in those cases was March 2, 2016.[1] Thus, under the primary custody doctrine, the United States Government was entitled to have Mr. McKelvey serve the sentence imposed by this Court before he served any sentence imposed by a Pennsylvania court. *Taccetta*, 606 F. App'x at 663.

Where a defendant has earned multiple sentences and those sentences were imposed at different moments, such sentences generally run consecutively. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Pickett v. Warden McKean FCI*, 726 F. App'x 104, 106 (3d Cir. 2018) ("Because the sentencing court did not order the federal sentence to run concurrently with [the defendant's] yet to be imposed state sentence, the [Bureau of Prisons] was required to treat his federal sentence as running consecutively to his state sentence."); *see also Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013) (noting that the Bureau of Prisons correctly interpreted the district court's silence on the issue as requiring consecutive federal and state sentences pursuant to § 3584(a)). Here, Mr. McKelvey earned different sentences, at different times, as determined

---

[1]      At the time of Mr. McKelvey's federal sentencing, his counsel and his probation officer were in the process of confirming where primary jurisdiction lay and acknowledged that the jurisdictional determination fell to the Bureau of Prisons and the Pennsylvania Department of Corrections rather than to the Court. *See* Dec. 13, 2017 Tr. at 22:13–24, 23:5–11. A complicating factor in the determination of primary jurisdiction may have been that Mr. McKelvey was arrested by Philadelphia authorities on August 20, 2014, in connection with the pharmacy robbery and a parole violation of a 2008 state criminal case. Nevertheless, Pennsylvania appears to have relinquished primary jurisdiction to the federal government, given that the sentence imposed in the 2008 state case expired on December 2, 2015, at which time Mr. McKelvey was physically in federal custody. *George*, 463 F. App'x at 138 n.4. The United States did not subsequently relinquish primary jurisdiction to the state upon Mr. McKelvey's March 2, 2016 arrests for his two 2016 state cases because this Court did not "grant[] bail, dismiss[] charges, [or] parol[e] the defendant" and Mr. McKelvey's federal sentence has not yet ended. *Id.*

by different courts. Therefore, absent a court order to the contrary, his federal and state sentences were to run consecutively.

When a defendant "serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter." *Setser*, 566 U.S. at 241; *see also United States v. McIntosh*, 753 F.3d 388, 395 (2d Cir. 2014); *United States v. Langham*, 670 F. App'x 991, 992 (10th Cir. 2016). Thus, because Mr. McKelvey is serving his federal sentence first, in conformance with the primary custody doctrine, the authority to determine whether federal and state sentences would run concurrently rather than consecutively lies with the Pennsylvania sentencing court—not this Court. Mr. McKelvey seizes on statements the Court made during his federal sentencing as alleged support that he is serving concurrent federal and state sentences. But the transcript shows that this Court repeatedly acknowledged that the authority to make the concurrent-versus-consecutive decision as to the relationship between the federal and state sentences actually lay with the Pennsylvania state sentencing judge. *See* Dec. 13, 2017 Tr. at 57:13–18 ("[I]t is my intention to sentence the defendant to 135 months on Counts One, Two, and Four to be followed by the 84-month consecutive for Count Three. The 135-month of the federal sentence *may* be concurrent to the state *assuming the state sentencing judge has no objection to that*.") (emphasis added); *id.* at 57:23–25 ("To reiterate, 135 of those months *may* be concurrent to the state and 84 months will be consecutive to the completion of any other sentence.") (emphasis added); *id.* at 59:9–19 ("[I]t's the judgment of the Court that the defendant, Brandon McKelvey, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 135 months on each of Counts One, Two, and Four of the Indictment and for which he was convicted. All such terms should run concurrently and those months *may* be concurrent to any state court sentence that has been imposed on Mr. McKelvey

followed by a term of 84 months on Count Three which will be consecutive to any other term of imprisonment to produce a total federal imprisonment of 219 months.") (emphasis added). This is permissive language only, conditioned on the intentions of the state sentencing court, not imperative language ordering concurrent state and federal sentences.

There is no statement that the Pennsylvania state court ordered its sentence to run concurrently with Mr. McKelvey's federal sentence, either. Therefore, under 18 U.S.C. § 3584(a), Mr. McKelvey's federal and state sentences are running consecutively.

## II. The Court Lacks Authority to Order Mr. McKelvey's Transfer

This Court lacks authority to grant Mr. McKelvey's request of transfer to a Pennsylvania state penal or correctional facility. "When a court sentences a federal offender, the [Bureau of Prisons] has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331 (2011); *see also United States v. Eakman*, 378 F.3d 294, 300 (3d Cir. 2004) ("[T]he Bureau has the exclusive authority to determine the place of imprisonment under 18 U.S.C. § 3621(b)."). Per federal statute, the Bureau may

> designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The five factors listed in § 3621(b) are simply considerations for the Bureau of Prisons in making its designation—the Bureau need not abide by the statements of the sentencing Court in choosing the facility that will house the defendant. *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. 1990); *see also* Dec. 13, 2017 Tr. at 63:24–64:1 ("I have not one bit of control over where it is that you serve your sentence . . . ."). Indeed, there is no constitutional guarantee that a prisoner be placed in any particular institution, *Meachum v. Fano*, 427 U.S. 215, 224 (1976), and § 3621(b) says explicitly that the Bureau's "designation of a place of imprisonment . . . is not reviewable by any court." 18 U.S.C. § 3621(b). And to the extent the Bureau is empowered to transfer Mr. McKelvey to a *state* facility, "the transfer [must be] requested by the Governor or other executive authority of the State." 18 U.S.C. § 3623; *United States v. Buhl*, No. 88-cr-490-1, 2022 WL 17905312, at *3 (E.D. Pa. Dec. 22, 2022).

Here, there is no expression that any authority within Pennsylvania's executive branch has requested that Mr. McKelvey be transferred from federal to state custody. And even if Pennsylvania had made such a request, the Director of the Bureau of Prisons would have the authority to honor or disregard that request. 18 U.S.C. § 3623. Therefore, the Court cannot find that it has the authority to transfer Mr. McKelvey to a Pennsylvania incarceration facility.

CONCLUSION

For these reasons, the Court denies Mr. McKelvey's motion. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE